UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| AVCO CORPORATION, on behalf of its Lycoming Engines Division, | : : : |
| Plaintiff, | : : |
| v. | : Case No. 2:08-cv-27 : |
| MARGARET NORTH, Executor of the Estate of ROBERT B. NORTH, Deceased, | : : : : |
| Defendant. | : : |

## MEMORANDUM OPINION and ORDER

Plaintiff AVCO Corporation ("AVCO"), on behalf of its Lycoming Engines Division ("Lycoming"), has brought a declaratory judgment action against Defendant Margaret North, widow and executrix of the estate of Robert B. North, seeking a ruling that any claims that she might bring against it in connection with the death of her husband would be barred by the eighteen-year statute of repose established by the General Aviation Revitalization Act of 1994 ("GARA"), Pub. L. No. 103-298, 108 Stat. 1552 (1994), 49 U.S.C. § 49101 note. North has moved to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Procedure 12(b)(1).[1] For the reasons that follow, her motion (Doc. 7) is **granted**.

### Background

On December 2, 2006, Margaret North's husband, Robert B.

---

[1] Pursuant to Local Rule 7.1(a)(6), the Court declines to hear argument on the motion, finding that the issues are thoroughly addressed by the parties' submissions.

North, was killed when the aircraft he was piloting crashed on its approach to the Mount Snow airport in West Dover, Vermont. Lycoming manufactured the engines for the aircraft, which were shipped on or about December 13, 1976 to Ted Smith Aerostar Corp., which installed them.

On October 15 and 16, 2007 an attorney who specializes in aircraft accident litigation conducted an inspection of the aircraft wreckage on behalf of the estate of Robert North. On January 31, 2008 the attorney gave notice of his intention to conduct a further inspection of the right and left engine turbocharger system and the right engine fuel delivery system on February 26, 2008.

On February 11, 2008, AVCO filed this lawsuit, which seeks a declaration that GARA's statute of repose "is applicable to, and bars, any claims by the defendant against AVCO arising from the December 2, 2006 airplane accident which resulted in the death of Robert B. North." (Am. Compl. 5.) In its amended complaint AVCO asserts that the attorney or his law firm has given notice of inspection to Lycoming more than sixteen times, and in every case where the attorney filed suit following inspection, he sued Lycoming. (Am. Compl. ¶¶ 21, 22.) AVCO claims that this "track record" is evidence of the attorney's intent to bring a wrongful death suit on behalf of North. (Am. Compl. ¶ 24.)

**Discussion**

I. Legal Standard Governing Motion to Dismiss

As plaintiff, AVCO bears the burden of proving subject

2

matter jurisdiction by a preponderance of the evidence. *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). When the motion to dismiss is based upon the pleadings, a court "'accept[s] as true all material facts alleged in the complaint and draw[s] all reasonable inferences in the plaintiff's favor.'" *Sharkey v. Quarantillo*, 541 F.3d 75, 82-83 (2d Cir. 2008) (quoting *Merritt v. Shuttle, Inc.*, 245 F.3d 182, 186 (2d Cir. 2001)). When subject matter jurisdiction is controverted, a court may examine evidence beyond the pleadings, and in that case "'[jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Arar*, 532 F.3d at 168 (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)).

II. GARA

GARA's statute of repose generally bars suits against airplane manufacturers brought more than eighteen years after the delivery date to an initial purchaser of the aircraft. *See* GARA, sec. 2.[2] If a replacement component or system caused the

---

[2] Section 2(a) provides:
    Except as provided in subsection (b), no civil action for damages for death or injury to persons or damage to property arising out of an accident involving a general aviation aircraft may be brought against the manufacturer of the aircraft or the manufacturer of any new component, system, subassembly, or other part of the aircraft, in its capacity as a manufacturer if the accident occurred--
        (1) after the applicable limitation period beginning on--

accident, the eighteen year period runs from the date the component or system was installed, however. *See id.* The statute, enacted in 1994, reflects Congressional concern that manufacturers of general aviation aircraft were subjected to costly product liability litigation decades after an airplane was first delivered. *See Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1084 (9th Cir. 2001); H.R. Rep. No. 103-525, pt. I, at 1-4 (1994), *reprinted in* 1994 U.S.C.C.A.N. 1638, 1638-41.

AVCO characterizes this statute of repose as an "explicit statutory right not to stand trial," citing *Kennedy v. Bell Helicopter Textron, Inc.*, 283 F.3d 1107, 1110 (9th Cir. 2002) (2-1 decision), grounding this contention on the plain language of the statute, which states that "no civil action for damages . . . may be brought." GARA, sec. 2(a). In *Kennedy*, a divided panel of the Ninth Circuit Court of Appeals permitted a helicopter

---

> (A) the date of delivery of the aircraft to its first purchaser or lessee, if delivered directly from the manufacturer; or
> (B) the date of first delivery of the aircraft to a person engaged in the business of selling or leasing such aircraft; or
>
> (2) with respect to any new component, system, subassembly, or other part which replaced another component, system, subassembly, or other part originally in, or which was added to, the aircraft, and which is alleged to have caused such death, injury, or damage, after the applicable limitation period beginning on the date of completion of the replacement or addition.

GARA, sec. 2(a), 49 U.S.C. § 40101 note. Certain exceptions apply. *See id.*, Sec. 2(b).

manufacturer to appeal under the collateral order doctrine a grant of partial summary judgment that rejected a GARA statute of repose defense, likening the GARA statute of repose to the doctrine of qualified immunity for government officials. *Id.* As the dissent in *Kennedy* declared however, "'courts of appeal [are required] to view claims of a right not to be tried with skepticism, if not a jaundiced eye.'" *Id.* at 1113 (Paez, J., dissenting) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873 (1994)). A panel of the Third Circuit more recently held that the collateral order doctrine did not permit appellate review of the denial of a motion for summary judgment. *Robinson v. Hartzell Propeller, Inc.*, 454 F.3d 163, 174 (3d Cir. 2006). Both Judge Paez's dissent and the *Robinson* opinion reasoned that the GARA statute of repose was more akin to a statute of limitations, and created a defense to liability rather than an immunity from suit. *See Kennedy*, 283 F.3d at 115-16; *Robinson*, 454 F.3d at 172-73.

It is unnecessary to take a position concerning this disagreement in order to resolve the motion to dismiss, however. Regardless of whether the GARA statute of repose creates immunity from liability or from suit, it has yet to be applied to a concrete controversy in this case. In both *Kennedy* and *Robinson* litigation had in fact begun and progressed at least to the point that the cause of the crash had been identified, whereas in this

5

case AVCO has initiated suit based on assumptions.

The pleadings, taken as true, reveal that a firm specializing in aircraft accident litigation sent a notice by facsimile to representatives of several entities, including Lycoming, of its intention to conduct an inspection of the right and left engine turbocharger system and the right engine fuel delivery system.[3]  The letter invites these representatives to attend the inspection.  It does not mention litigation against any entity, let alone Lycoming or AVCO.  There is no indication of the cause of the accident or the nature of the claim or claims that North might bring as a result of the investigation.  In theory, several claims might exist to which GARA might or might not apply. *See, e.g., Brewer v. Parken Hannifin Inc.*, No. 07-35326, 2008 WL 4750343, at *1 (9th Cir. Oct. 30, 2008) (mem.) (GARA barred claim based on manuals and mailings for original vacuum pump); *Robinson*, 454 F.3d at 167 (GARA did not bar claim based on knowing misrepresentation to FAA); *LaHaye v. Galvin Flying Serv., Inc.*, No. 04-35136, 2005 WL 1899327, at *2 (9th Cir. Aug. 9, 2005) (mem.) (GARA did not bar claim based on defective maintenance instructions); *Caldwell v. Enstrom Helicopter Corp.*, 230 F.3d 1155, 1157 (9th Cir. 2000) (GARA did not bar claim based on revised flight manual); *Sheesley v. Cessna*

---

[3]  A copy of the facsimile notice was incorporated by reference as Exhibit "A" to the original and amended complaints.

*Aircraft Co.*, Civ. Nos. 02-4185-KES, 03-5011-KES, 03-5063-KES, 2006 WL 3042793, at *7-8 (D.S.D. Oct. 24, 2006) (although GARA barred claim of defective design of exhaust or fuel system, it did not bar claim based on defects in replacement part); *Holliday v. Extex*, 457 F. Supp. 2d 1112, 1117 (D. Haw. 2006) (GARA barred claims based on new design and modification to original part); *Carson v. Heli-Tech, Inc.*, No. 2:01-cv-643-FtM-29SPC, 2003 WL 22469919, at *4-5 (M.D. Fla. Sept. 25, 2003) (GARA did not bar claim based on new part that modified original lateral control rod assembly); *Alter v. Bell Helicopter Textron, Inc.*, 944 F. Supp. 531, 540 (S.D. Tex. 1996) (GARA barred claim based on manual revision that failed to correct a design flaw).

It is indeed likely that GARA would apply to bar an action for damages against AVCO based on a claim that any original components or systems failed, given that the engine was manufactured more than eighteen years ago. *See* GARA, sec. 2(a)(1). GARA would not necessarily bar an action based on the failure of a replacement component or system. *See* GARA, sec. 2(a)(2). The issue is not whether GARA is likely to apply to this hypothetical lawsuit however, but whether AVCO has demonstrated a practical likelihood that it will in fact be sued.

III. Declaratory Judgment Act

The Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, permits a district court to "declare the rights and other legal

7

relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Such declaratory relief is only available "[i]n a case of actual controversy," *id.*, "a requirement that incorporates into the statute the case or controversy limitation on federal jurisdiction found in Article III of the Constitution." *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 752 (2d Cir. 1996); *see MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007) ("Our opinion [in *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1930)] explained that the phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III.").

For a court to have subject matter jurisdiction over a declaratory judgment action, the dispute must be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and . . . be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* at 127 (quoting *Aetna*, 300 U.S. at 240-241). "'Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient

immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Even where the legal relations may be adverse only if certain events occur, declaratory judgment may be appropriate: "That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action. Rather, courts should focus on the practical likelihood that the contingencies will occur." *Employers Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 278 (2d Cir. 2008) (quoting *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 177 (2d Cir. 2001)).

AVCO therefore argues that there is a practical likelihood that North will bring an action against it, and seeks a determination that GARA would bar the suit. A specific and concrete threat of litigation can establish a justiciable controversy. *See, e.g., Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002); *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1568 (11th Cir. 1995); *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A.*, 28 F.3d 572, 578 (7th Cir. 1994) (once party had threatened suit, dispute was no longer abstract, and presented actual controversy). No such threat of litigation appears in this case. AVCO's evidence of the practical likelihood of a lawsuit against it consists of the fact that an attorney whose practice is limited to aircraft accident

litigation for plaintiffs invited Lycoming to an inspection of the engines and their components.  AVCO has submitted evidence that on at least a dozen occasions North's counsel has invited Lycoming to an aircraft inspection and subsequently sued it.  North has countered with evidence of instances where her counsel has invited Lycoming to a wreckage inspection and not brought suit against it.  Assuming for the sake of argument that AVCO has shown that this firm has a "track record" of litigation following wreckage inspection, it does not follow that there is a practical likelihood that North will sue Lycoming merely because family members or victims in unrelated cases have retained the same law firm following plane crashes and have subsequently sued Lycoming.

"[I]n the absence of an 'actual controversy,' a district court is without power to grant declaratory relief." *Certain Underwriters at Lloyd's, London v. St. Joe Minerals Corp.*, 90 F.3d 671, 675 (2d Cir. 1996) (quoting *Md. Cas. Co.*, 312 U.S. at 272).  Although the distinction between an "actual controversy" and a hypothetical or abstract question may at times be difficult to draw, *see id.* (quoting *Md. Cas. Co.*, 312 U.S. at 273), in this case AVCO asks this Court to find subject matter jurisdiction based on speculation--an educated guess perhaps, but fundamentally just a guess.  A declaratory judgment action based on speculation is not justiciable.  *See id.*

IV. Exercise of Discretion under the Declaratory Judgment Act

Were subject matter jurisdiction to exist in this case, the Court would nevertheless exercise its discretion to decline to hear the case. A district court has discretion to determine whether to exercise jurisdiction under the Declaratory Judgment Act. *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003) (per curiam) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282083 (1995)). In the exercise of that discretion, a court should inquire "(i) 'whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved'; (ii) 'whether a judgment would finalize the controversy and offer relief from uncertainty'; (iii) 'whether the proposed remedy is being used merely for procedural fencing or a race to res judicata'; (iv) 'whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court'; and (v) 'whether there is a better or more effective remedy.'" *New York Times Co. v. Gonzales*, 459 F.3d 160, 167 (2d Cir. 2006) (quoting *Dow Jones*, 346 F.3d at 359-60).

As to the first and second factors, a judgment that "GARA is applicable to, and bars, any claims by the defendant against AVCO" (Am. Compl. 5) will not clarify or settle the legal issues, finalize the controversy or offer relief from uncertainty. The statute will undoubtedly, and non-controversially, "apply" to a potential lawsuit against Lycoming, given that the statute

11

addresses civil actions for damages arising out of an accident involving a general aviation aircraft, and the engines involved in the accident were manufactured more than eighteen years ago. GARA, sec. 2(a). The real issue is whether applying GARA will bar a potential lawsuit by North, and that is dependent upon facts not currently provided to the Court, probably not available to AVCO, and possibly not yet known to North. Specifically, would North seek to prove that the accident was caused by a defective replacement or additional component, system, subassembly or other part within eighteen years of replacement or addition? *See* GARA, sec. (2)(a)(2). Would North seek to prove that Lycoming had knowingly misrepresented or concealed or withheld from the Federal Aviation Commission required information that is causally related to the accident? *See* GARA, sec. 2(b)(1). GARA would not bar these lawsuits. Would material facts be disputed as to either of these contentions? Even were AVCO ultimately to prevail on such a suit, GARA would not afford it a summary dismissal. *See, e.g.*, *Robinson*, 454 F.3d at 167 (district court found material issues fact existed as to whether a GARA exception applied, and denied summary judgment); *LaHaye*, 2005 WL 1899327, at *2 (affirming district court's factual finding that the appellant failed to prove at trial that defective maintenance instructions were the proximate cause of her injury); *Johnson v. Precision Airmotive, LLC*, No. 4:07CV1695

CDP, 2008 WL 2570825, at *3 (E.D. Mo. June 26, 2008) (denying motion for summary judgment on GARA defense as premature); *Holliday*, 457 F. Supp. 2d at 1120 (denying summary judgment on GARA defense because facts were disputed regarding the cause of the accident); *Carson*, 2003 WL 22469919, at *5 (same); *Rickert v. Mitsubishi Heavy Indus., Ltd.*, 929 F. Supp. 380, 382 (D. Wyo. 1996) (genuine issue of material fact concerning a knowing misrepresentation to the FAA precluded summary judgment).

The remaining three factors do not weigh against exercising jurisdiction, but do not overcome the inadvisability of exercising subject matter jurisdiction over a potential dispute where the legal issues are in flux. *See Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 244 (1952) ("The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them.").

## Conclusion

Because this Court lacks subject matter jurisdiction over a declaratory judgment action that does not present an actual case or controversy, North's motion to dismiss must be **granted**. Were subject matter jurisdiction to exist, the Court would decline to exercise it, as a matter of discretion.

Dated at Burlington, Vermont this 11th day of March, 2009.

    <u>/s/ William K. Sessions III</u>
    William K. Sessions III
    Chief Judge